## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE JASON DICKS<br>*Debtor* | CASE NO. 25-11336<br>JUDGE PRICE SMITH<br>CHAPTER 11<br>SUBCHAPTER V |

### DEBTOR'S MOTION FOR AN ORDER ESTABLISHING THE PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION AND TO SET DATES RELATED THERETO

Jason Dicks, the Debtor-in-Possession herein ("Debtor"), respectfully moves this Court for entry of an order pursuant to section 1126 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and Rule 3017.2 of the Federal Rules of Bankruptcy Procedure, for an Order establishing the procedures for solicitation and tabulation of votes to accept or reject the Debtor's Plan of Reorganization (as it may be amended, the "Plan") and to set dates related thereto.

### A. Voting Deadline; Tabulation of Votes; Record Date; Voting Deadline for Receipt of the Ballot; Objection Deadline

Bankruptcy Rule 3017.2 provides;

In a case under subchapter V of chapter 11 in which § 1125 does not apply, the court shall:

(a) fix a time within which the holders of claims and interests may accept or reject the plan;

(b) fix a date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan;

(c) fix a date for the hearing on confirmation; and

(d) fix a date for transmitting the plan, notice of the time within which the holders of claims and interests may accept or reject it, and notice of the date for the hearing on confirmation.

The Debtor after discussions with the US Trustee, the Subchapter V Trustee and counsel to the primary secured creditor, proposes the following schedule to the Court in accordance with Rules 2002, 3017.2, and 3018:

| Event | Proposed Date |
|---|---|
| **Solicitation Commencement Date** | August 15, 2025 |
| **Voting Deadline for the Plan** | September 19, 2025 |
| **Deadline to File Ballot Tabulation** | September 26, 2025 |
| **Deadline to Object to Confirmation** | September 26, 2025 |
| **Deadline to Respond to Objections to Confirmation and to file Confirmation Brief and Other Evidence Supporting the Plan** | October 3, 2025 |
| **Confirmation Hearing** | October 21, 2025 |

### B. Procedures for Vote Tabulation

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtor in any other context, the Debtor proposes the following voting procedures and requirements:

1. The amount of a claim that will be used to determine votes for or against the Plan will be either: (a) the claim amount listed on the schedules of liabilities filed with the Court unless such claim is listed on the schedules of liabilities as contingent, w1liquidated, or disputed; (b) the liquidated amount specified in a proof of claim timely filed with the Court that is not the subject of an objection; (c) the liquidated amount specified in a final order. If the holder of a claim submits a Ballot, but such holder has timely filed a proof of claim and: (a) such holders' claim is listed on the schedules of liabilities as contingent, unliquidated, or disputed; and (b) such holder's claim is the subject of an objection, the Ballot will not be counted for purposes of determining acceptances or rejections of the Plan, in accordance with Rule 3018, unless the Bankruptcy Court has temporarily allowed the claim for the purpose of accepting or rejecting the Plan in accordance with Bankruptcy Rule 3018.

2. Whenever a holder of a claim casts more than one Ballot voting the same claim prior to the Voting Deadline, the latest Ballot received by the Voting Agent prior to the Voting Deadline will be deemed to supersede and revoke any prior Ballot.

3. Holders of claims must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes. Accordingly, the Debtors will treat as an acceptance any Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan.

2

4. Ballots that fail to indicate an acceptance or rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will be tabulated as an acceptance unless the claim on which the Ballot is cast is the subject of an objection or is listed on the Debtor's schedules as contingent, unliquidated, or disputed.

The Debtor believes that the foregoing proposed procedures provide for a fair and equitable voting process. If any claimant seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtors request that the Court direct such claimant to file with the Court on or before the fifteenth day after the later of: ( a) service of the confirmation hearing notice; or (b) service of notice of an objection, if any, to such claim, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan. The Debtor further proposes, in accordance with Bankruptcy Rule 3018, that as to any creditor filing such a motion, such creditor's Ballot should not be counted unless temporarily allowed by the Court for voting purposes, after notice and a hearing.

### C. Setting the Solicitation Package

7. Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and equity interests for purposes of soliciting their votes and providing adequate notice of the hearing on confirmation of a plan of reorganization:

> … [E]xcept to the extent that
>
> the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders -- the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee,
>
> (1) the plan or a court-approved summary of the plan;
>
> (2) notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (3) any other information as the court may direct, including any court opinion approving the disclosure statement or a court approved summary of the opinion.

3

> In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan.

Fed. R. Bankr. Pro. 3017(d).

The solicitation package, comprised of the materials required to be provided to holders of claims and equity interests under Bankruptcy Rule 3017(d), will be mailed to such parties. Specifically, the Debtors will mail, or cause to be mailed, solicitation packages containing copies of: (a) the Plan (b) the class ballots, and (c) the confirmation hearing notice including the ballot deadline and objection deadline, a form of which is attached hereto as Exhibit A. Solicitation packages will be mailed to: (a) all persons or entities that have filed proofs of claim on or before the Record Date; (b) all persons or entities listed in the schedules of liabilities as holding a liquidated, noncontingent, undisputed claims as of the Record Date; (c) all other known holders of claims against or interests in the Debtors, if any, as of the Record Date; (d) all parties in interest that have filed a notice in accordance with Bankruptcy Rule 2002 in the Debtor's chapter 11 case on or before the Record Date; (e) the Subchapter V Trustee; and (e) the Office of the United States Trustee.

In addition, the Debtor may provide certain additional solicitation materials to be included in the solicitation packages. Specifically, holders of claims and interests in classes entitled to vote to accept or reject the Plan will receive, where applicable: (a) an appropriate form of a Ballot; and (b) such other materials as the Court may direct. Consistent with sections 1126(f) and 1126(g) of the Bankruptcy Code and Bankruptcy Rule 3017(d), solicitation packages for holders of claims against the Debtors placed within a class under the Plan that is deemed to accept or reject the Plan under section 1126(t) or 1126(g) of the Bankruptcy Code will not include a Ballot.

THEREFORE, the Debtors respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit B, establishing the procedures for solicitation and tabulation of votes to accept or reject the Debtor's Plan of Reorganization and to set dates related thereto, and granting such other and further relief as the Court deems just and proper. A proposed Order is attached

Respectfully submitted,
/s/ Frederic P. Schwieg
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law.
19885 Detroit Rd. #239
Rocky River OH 44116-1815
1 (440) 499-4506
fschwieg@schwieglaw.com
Counsel to Debtor, Proposed Counsel to Debtor-in-Possession

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of this Motion to Extend Time was electronically transmitted on or about July 2, 2025 via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mail Notice list or was served by U.S. mail, postage prepaid, or certified mail on the persons below as indicated below.
Electronic Mail Notice List:
David J. Coyle on behalf of Creditor Zeppes Tavern Franchise LLC
dcoyle@shumaker.com, acrosby@shumaker.com

David J. Coyle on behalf of Creditor Cassie Ciresi
dcoyle@shumaker.com, acrosby@shumaker.com

David J. Coyle on behalf of Creditor Joe Ciresi
dcoyle@shumaker.com, acrosby@shumaker.com

Daniel J. Feko on behalf of Creditor Citizens Bank, N.A.
dfeko@simonattys.com, simondocket@simonattys.com

Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net

Richard John LaCivita on behalf of Creditor Lakeview Loan Servicing, LLC
bknotice@reimerlaw.com, rlacivita@ecf.courtdrive.com

Spencer Lutz on behalf of U.S. Trustee United States Trustee
spencer.lutz@usdoj.gov

Frederic P. Schwieg on behalf of Debtor Jason James Dicks
fschwieg@schwieglaw.com

/s/ Frederic P. Schwieg
Frederic P. Schwieg

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE JASON DICKS<br>*Debtor* | CASE NO. 25-11336<br>JUDGE PRICE SMITH<br>CHAPTER 11<br>SUBCHAPTER V |

### ORDER GRANTING DEBTOR'S MOTION FOR AN ORDER ESTABLISHING THE PROCEDURES FOR SOLICITATION AND TABULATION OF VOTES TO ACCEPT OR REJECT THE DEBTOR'S PLAN OF REORGANIZATION AND TO SET DATES RELATED THERETO

This matter coming before the Court on the motion of Jason Dicks the Debtor-in-Possession herein ("Debtor") for an Order Establishing the Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Debtor's Plan of Reorganization and to Set Dates Related Thereto [Doc. _____] (the "Motion"), in which the Debtor requests a entry of an order pursuant to section 1126 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and Rule 3017.2 of the Federal Rules of Bankruptcy Procedure, for an Order establishing the procedures for solicitation and tabulation of votes to accept or reject the Debtor's Plan of Reorganization (as it may be amended, the "Plan") and to set dates related thereto.

No opposition to the Motion having been filed the Motion is GRANTED on the following. The following dates are hereby set for the consideration of confirmation of the Debtor's Plan:

| Event | Proposed Date |
|---|---|
| **Solicitation Commencement Date** | August 15, 2025 |
| **Voting Deadline for the Plan** | September 19, 2025 |
| **Deadline to File Ballot Tabulation** | September 26, 2025 |
| **Deadline to Object to Confirmation** | September 26, 2025 |
| **Deadline to Respond to Objections to Confirmation and to file Confirmation Brief and Other Evidence Supporting the Plan** | October 3, 2025 |
| **Confirmation Hearing** | October 21, 2025 |

Solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim and without prejudice to the rights of the Debtor in any other context, the following voting procedures and requirements are hereby established:

1. The amount of a claim that will be used to determine votes for or against the Plan will be either: (a) the claim amount listed on the schedules of liabilities filed with the Court unless such claim is listed on the schedules of liabilities as contingent, w1liquidated, or disputed; (b) the liquidated amount specified in a proof of claim timely filed with the Court that is not the subject of an objection; (c) the liquidated amount specified in a final order. If the holder of a claim submits a Ballot, but such holder has timely filed a proof of claim and: (a) such holders' claim is listed on the schedules of liabilities as contingent, unliquidated, or disputed; and (b) such holder's claim is the subject of an objection, the Ballot will not be counted for purposes of determining acceptances or rejections of the Plan, in accordance with Rule 3018, unless the Bankruptcy Court has temporarily allowed the claim for the purpose of accepting or rejecting the Plan in accordance with Bankruptcy Rule 3018.

2. Whenever a holder of a claim casts more than one Ballot voting the same claim prior to the Voting Deadline, the latest Ballot received by the Voting Agent prior to the Voting Deadline will be deemed to supersede and revoke any prior Ballot.

3. Holders of claims must vote all of their claims within a particular class either to accept or reject the Plan and may not split their votes. Accordingly, the Debtors will treat as an acceptance any Ballot (or multiple Ballots with respect to multiple claims within a single class) that partially rejects and partially accepts the Plan.

4. Ballots that fail to indicate an acceptance or rejection of the Plan, but which are otherwise properly executed and received prior to the Voting Deadline, will be tabulated as an acceptance unless the claim on which the Ballot is cast is the subject of an objection or is listed on the Debtor's schedules as contingent, unliquidated, or disputed.

5. lf no vote to accept or reject the Plan is received with respect to a particular class, such class shall be deemed to have voted to accept the Plan or ignored for the purposes of acceptance or rejection of the Plan.

The solicitation package, comprised of the materials required to be provided to holders of claims and equity interests under Bankruptcy Rule 3017(d), will be mailed to such parties. Specifically, the Debtor will mail, or cause to be mailed, solicitation packages containing copies of: (a) the Plan (b) the class ballots, and (c) the confirmation hearing notice including the ballot deadline and objection deadline, a form of which is attached hereto as Exhibit A. Solicitation packages will be mailed to: (a) all persons or entities that have filed proofs of claim on or before the Record Date; (b) all persons or entities listed in the schedules of liabilities as holding a liquidated, noncontingent, undisputed claims as of the Record Date; (c) all other known holders of claims against or interests in the Debtors, if any, as of the Record Date; (d) all parties in interest that have filed a notice in accordance with Bankruptcy Rule 2002 in the Debtor's chapter 11 case on or before the Record Date; (e) the Subchapter V Trustee; and (e) the Office of the United States Trustee.

The Notice of the Confirmation hearing attached as exhibit A is approved.

The Form of Ballot attached as exhibit B is approved.

###

Prepared by:
/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq.(0030418)
Attorney at Law

73577

19885 Detroit Rd. #239
Rocky River, OH 44116-1815
(440) 499-4506
fax (440) 398-0490
fschwieg@schwieglaw.com
Attorney for Debtor

**ECF Service**

David J. Coyle on behalf of Creditor Zeppes Tavern Franchise LLC
dcoyle@shumaker.com, acrosby@shumaker.com

David J. Coyle on behalf of Creditor Cassie Ciresi
dcoyle@shumaker.com, acrosby@shumaker.com

David J. Coyle on behalf of Creditor Joe Ciresi
dcoyle@shumaker.com, acrosby@shumaker.com

Daniel J. Feko on behalf of Creditor Citizens Bank, N.A.
dfeko@simonattys.com, simondocket@simonattys.com

Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net

Richard John LaCivita on behalf of Creditor Lakeview Loan Servicing, LLC
bknotice@reimerlaw.com, rlacivita@ecf.courtdrive.com

Spencer Lutz on behalf of U.S. Trustee United States Trustee
spencer.lutz@usdoj.gov

Frederic P. Schwieg on behalf of Debtor Jason James Dicks
fschwieg@schwieglaw.com

73577

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| IN RE JASON DICKS<br>    *Debtor* | CASE NO. 25-11336<br>JUDGE PRICE SMITH<br>CHAPTER 11<br>SUBCHAPTER V |

## NOTICE OF VOTING DEADLINE, OBJECTION DEADLINE, AND
## HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN

  PLEASE TAKE NOTICE THAT on June 30, 2025, debtor and debtor-in-possession Jason Dicks (the "Debtor") filed with the Court its proposed plan of reorganization under subchapter V of Chapter 11 of the Bankruptcy Code (Docket No. 39) (the "Plan").

  A hearing on the confirmation of the Plan (the "Confirmation Hearing") is set for _____, at \_\_\_:\_\_\_ \_\_.m. at the United States Bankruptcy Court, Howard M. Metzenbaum United States Court House, 201 Superior Avenue, Courtroom 2B Cleveland, Ohio 44114 before the Honorable Jessica E. Price Smith.

  **PLEASE TAKE FURTHER NOTICE THAT <u>your rights may be affected.</u>  You should read the Plan carefully and discuss it with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

  PLEASE TAKE FURTHER NOTICE that the last day for filing a Ballot (if you are the holder of a claim or interest in a class entitled to vote on the Plan, your ballot has been enclosed with the delivery of the Plan) is _____ (the "**Balloting Deadline**").  If you wish to vote on the acceptance or rejection of the Plan, you must deliver your completed Ballot so that it is *received* on or before the Balloting Deadline.  Ballots are to be delivered to the following address by mail, fax or e-mail:

Frederic P. Schwieg
Attorney at Law
19885 Detroit Road #239
Rocky River, OH 44116
fschwieg@schwieglaw.com

PLEASE TAKE FURTHER NOTICE that if no votes or objections to the Plan are received in a particular class, the Debtor intends to ask the Bankruptcy Court to deem such class to have accepted the Plan.

PLEASE TAKE FURTHER NOTICE that if you do not want the court to approve the Plan, or if you want the court to consider your views on the Plan, then on or before **_____, 2025**, you or your attorney must:

File with the court a written response setting forth the specific grounds for objection, either electronically via the Court's Electronic Case Filing System ("ECF"), or by mailing it to the Clerk at:

Clerk, United States Bankruptcy Court, Howard M. Metzenbaum United States Court House, 201 Superior Ave, Cleveland, Ohio 44114

If you mail your request/response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

If you or your attorney do not take these steps, the court may decide that you do not oppose the Plan and may enter an Order confirming the Plan and granting the relief requested.

Dated: July 2, 2025                    Respectfully submitted,

/s/ Frederic P. Schwieg, Esq.
Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Road #239
Rocky River, OH 44116
Tel. (440) 499-4506
fschwieg@schwieglaw.com
*Counsel for the Debtor*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

I<small>N RE</small> J<small>ASON</small> D<small>ICKS</small> | C<small>ASE</small> N<small>O</small>. 25-11336
*Debtor* | J<small>UDGE</small> P<small>RICE</small> S<small>MITH</small>
| C<small>HAPTER</small> 11
| S<small>UBCHAPTER</small> V

## BALLOT
**PLEASE CHECK THE APPROPRIATE BOX BELOW TO INDICATE YOUR ACCEPTANCE OR REJECTION OF THE PLAN**

Creditor Name _____.

(Check one box only)

    [ ] **ACCEPTS the Plan**

    [ ] **REJECTS the Plan**

---

Name of Voter:     _____
    (Print or Type)

Signature By:     _____
    _____
    (If Appropriate)

Title:     _____
    (If Appropriate)

Address:     _____
    _____
    _____

Telephone Number:     _____

Date Completed:     _____

RETURN THIS BALLOT TO:
Frederic P. Schwieg; Attorney at Law
19885 Detroit Road #239
Rocky River, OH 44116
(440) 499-4506
fschwieg@schwieglaw.com