**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Case No. 25-11336-(JPS)** |
| | ) | |
| **Jason James Dicks,** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | **Chief Judge Jessica E. Price Smith** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Regions 3 and 9 (the "United States Trustee") files this objection to *Jason Dicks's Plan of Reorganization* (the "Plan") (Docket No. 39) filed by Jason James Dicks (the "Debtor"). In support, the United States Trustee states:

**Jurisdiction**

1.      Under (i) 28 U.S.C. § 1334, (ii) applicable orders of the United States District Court for the Northern District of Ohio issued under 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Objection.

2.      Under 28 U.S.C. § 586, the United States Trustee is charged with monitoring the federal bankruptcy system. See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the United States Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

3.      Under 11 U.S.C. § 307, the United States Trustee has standing to be heard on the issues raised in this Objection.

4.      The deadline to object to confirmation is September 26, 2025. Docket No. 51 at 2. Thus, the Objection is timely.

1

**Facts**

5.      On March 31, 2025, the Debtor filed a voluntary chapter 11 subchapter V

bankruptcy petition. Docket No. 1.

6.      On June 30, 2025, the Debtor filed the Plan. Docket No. 39. The Plan includes the

following provision:

> If no holder of a Claim in a Class of Claims eligible to vote in a particular Class timely
> submits a ballot to accept or reject the Plan and does not otherwise object to the Plan, then
> the applicable Class will be deemed to have voted to accept the Plan.

Docket No. 39 at 8.

7.      The Plan also includes the following provision:

> If the Plan is confirmed pursuant to Section 119[1][1](a) or (b) the Trustee will be discharged
> upon the filing of a notice of substantial consummation of the Plan, and the Trustee's filing
> of the appropriate trustee report with the Bankruptcy Court.

Docket No. 39 at 13.

**Legal Standard**

**Deemed Acceptance**

8.      11 U.S.C. § 1191 governs confirmation of plans in subchapter V cases. Under 11

U.S.C. § 1191(a), a debtor can confirm a plan consensually if the plan complies with all provisions

of 11 U.S.C. § 1129(a) besides paragraph 15. However, a debtor may also confirm a plan

nonconsensually under 11 U.S.C. § 1191(b) if the plan complies with all provisions of section

1129(a) besides paragraphs (8), (10), and (15) and does not unfairly discriminate against

nonconsenting impaired classes and treats them fairly and equitably. 11 U.S.C. § 1191; In re Pearl

Res. LLC, 622 B.R. 236, 251-52 (Bankr. S.D. TX 2020). 11 U.S.C. § 1129(a) provides:

> (a) The court shall confirm a plan only if all of the following requirements are met:
> . . . .

---

1 The Debtor erroneously wrote "1192" rather than "1191." 11 U.S.C. § 1191 governs whether a plan confirmation
is consensual (1191(a)) or nonconsensual (1191(b)), while 11 U.S.C. § 1192 governs a chapter 11 discharge.

2

(8) With respect to each class of claims or interests—
    (A) such class has accepted the plan; or
    (B) such class is not impaired under the plan.

. . . .

(10) If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

11 U.S.C. § 1129(a).

9.      11 U.S.C. § 1126 provides in pertinent part:

(c) A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (3) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (3) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126.

10.     Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule(s)") 3018(c) requires that the acceptance or rejection of a plan be in writing:

(c) *Form of Acceptance or Rejection.* An acceptance or rejection shall be in writing, identifying the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form.

Fed. R. Bankr. P. 3018(c).

11.     The United States Trustee objects to the Plan's request to treat anything other than an affirmative acceptance as a vote to accept the plan. This provision contradicts Bankruptcy Rule 3018's requirement that acceptance must be in writing signed by the creditor and 11 U.S.C. § 1126(c)'s numerosity requirement. Accordingly, a class that has not received any written acceptances of the plan from any of its creditors has not accepted the plan under either Bankruptcy Rule 3018 or 11 U.S.C. § 1126(c).

12.     Most courts considering the issue have determined that a debtor cannot deem a class that has not voted to have accepted the plan. In re Sushi Zushi of Tex., LLC, No. 24-51147, 2025

3

WL 957792, at *3 (Bankr. W.D. Tex. Mar. 28, 2025) ("Where there is no affirmative act by any individual creditor within a class, the Court struggles to see how the class can 'accept' the plan."); In re Thomas Orthodontics, S.C., Case No. 23-25432, 2024 Bankr. LEXIS 2334, at *19 (Bankr. E.D. Wis. Sept. 25, 2024) ("A creditor's acceptance of a chapter 11 plan, whether under subchapter V or otherwise, must be in writing and conform to the requirements of Rule 3018."); *In re Creason*, Case No. 22-00988, 2023 WL 2190623, at *2 (Bankr. W.D. Mich. Feb. 23, 2023) ("the court finds it impossible to reconcile the notion of "deemed acceptance" with the formal requirements of Rule 3018(c)"); In re Bressler, No. 20-31024, 2021 WL 126184, at *3–*4 (Bankr. S.D. Tx. Jan. 13, 2021) ("If a creditor has not voted in adherence with Rule 3018(c), then they have not accepted or rejected the plan. Those 'nonvotes' do not satisfy the language of § 1126(c) and thus do not count toward the numerosity requirements."); In re Cheerview Enters., 586 B.R. 881, 894 (Bankr. E.D. Mich. 2018) (determining that 11 U.S.C. § 1126 and Bankruptcy Rule 3018(c) "make clear that a claimant's acceptance of a plan of reorganization requires an affirmative act—a written acceptance on the prescribed form" and "do not authorize the Court to infer a claimant's acceptance just because the claimant did not vote to reject a plan of reorganization."); In re Augusto's Cuisine Corp., No. 15-09390, 2017 Bankr. LEXIS 833, at *21–*26 (Bankr. D.P.R. Mar. 28, 2017) ("The court concludes that Fed. R. Bankr. P. 3018(c), Sections 1126(c) and 1129(a)(8) require the affirmative acceptance of a creditor to accept (vote for) a plan."); In re Vita Corp., 358 B.R. 749, 751 (Bankr. C.D. Ill. 2007) ("Joining the majority, this Court holds that Sections 1129(a)(8) and 1126(c) require the affirmative assent of a creditor as the necessary means by which that creditor accepts a plan. A creditor's failure to return a ballot rejecting the plan, does not constitute the creditor's deemed acceptance of the plan."), aff'd, 480 B.R. 525 (C.D. Ill. 2008); see In re Trenton

4

<u>Ridge Investors, LLC</u>, 461 B.R. 440, 456–57 (Bankr. S.D. Ohio 2011).[2] The proper reading of the Bankruptcy Code and Rules is that deemed acceptance is not permitted because it violates Bankruptcy Rule 3018(c) and 11 U.S.C. § 1126(c). Also, denying deemed acceptance provisions would not impede confirmation because the Debtor can still confirm the plan nonconsensually under 11 U.S.C. § 1191(b).

### Discharge of Subchapter V Trustee

13.     11 U.S.C. § 350(a) provides in pertinent part that "after an estate is fully administered and the court has discharged the trustee, the court shall close the case."

14.     If the Plan is confirmed under section 1191(b), the service of the Subchapter V Trustee will not terminate upon the substantial consummation of the Plan. Instead, the Subchapter V Trustee continues in place to appear at any hearing requesting the modification of the Plan after confirmation and to monitor Plan payments made by the Debtor. 11 U.S.C. § 1183(b)(3)(C), (4).

15.     Although the Bankruptcy Code does not explicitly specify when a trustee's service terminates under a nonconsensual plan, it does not limit a subchapter V trustee's duties under 11 U.S.C. § 1183 to consensual plans. Therefore, a subchapter V trustee cannot be discharged until completion of the plan. See <u>In re Gui-Mer-Fe, Inc.</u>, Case No. 21-01659, 2022 WL 1216270, at *8 (Bankr. D.P.R. Apr. 25, 2022) (finding that plan confirmation under section 1191(b) does not terminate the subchapter V trustee's duties under section 1183(b) and (c)(2)). <u>But see</u> <u>In re Florist Atlanta, Inc.</u>, Case No. 24-51980, 2024 WL 3714512, at *2–3 (Bankr. N.D. Ga. Aug. 6, 2024) (discharging trustee prior to the completion of plan payments where the plan was confirmed under 11 U.S.C. § 1191(b)); <u>In re Dynotec Indus., Inc.</u>, Case No. 21-30803, 2024 WL 2003065, at *3–4

---

[2] <u>But see</u> <u>Heins v. Ruti-Sweetwater, Inc. (In re Ruti-Sweetwater, Inc.)</u>, 836 F.2d 1263, 1267 (10th Cir. 1988); <u>In re RECOM, LLC</u>, No. 24-23750, 2025 WL 1095186 (Bankr. D. Utah Apr. 11, 2025); <u>In re Robinson</u>, 632 B.R. 208, 217–21 (Bankr. D. Kan. 2021); <u>In re Adelphia Communs. Corp.</u>, 368 B.R. 140, 260–62 (Bankr. S.D.N.Y. 2007).

(Bankr. D. Minn. Apr. 5, 2024) (terminating subchapter V trustee's services after the final report was filed but commenting on the subchapter V trustee's post-confirmation role).

**WHEREFORE** the United States Trustee respectfully asks the Court to (i) sustain the Objection, (ii) deny the Debtor's request that a non-voting class is deemed to accept the plan, (iii) deny the Debtor's request that the duties of the Subchapter V Trustee be discharged after substantial consummation, and (iv) grant such other just relief.

Dated: September 25, 2025                Respectfully submitted,

                                         **ANDREW R. VARA**
                                         **UNITED STATES TRUSTEE**
                                         **REGIONS 3 AND 9**

                              By:        */s/ Spencer H. Lutz*
                                         Spencer H. Lutz (0101482)
                                         Trial Attorney
                                         United States Department of Justice
                                         Office of the United States Trustee
                                         Howard M. Metzenbaum U.S. Courthouse
                                         201 Superior Avenue East, Suite 441
                                         Cleveland, Ohio 44114
                                         Phone: (216) 522-8289
                                         Email: Spencer.Lutz@usdoj.gov

6

**Certificate of Service**

I hereby certify that on September 25, 2025, a true and correct copy of *Objection of the United States Trustee to Debtor's Plan of Reorganization* was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Thomas W. Coffey    tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com
- Daniel J. Feko    dfeko@simonattys.com, simondocket@simonattys.com
- Patricia B. Fugee    patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- Heather E. Heberlein    hheberlein@ralaw.com, mvitou@porterwright.com
- Richard John LaCivita    bknotice@reimerlaw.com, rlacivita@ecf.courtdrive.com
- Spencer Lutz    spencer.lutz@usdoj.gov
- Frederic P. Schwieg    fschwieg@schwieglaw.com
- United States Trustee    (Registered address)@usdoj.gov

Via regular United States Mail, postage pre-paid:

Jason James Dicks
13910 Claridon Troy Road
Burton, OH 44021

By:    */s/ Spencer H. Lutz*
Spencer H. Lutz (0101482)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-8289
Email: Spencer.Lutz@usdoj.gov