# EXHIBIT B





## Lease Amendment.pdf

| | |
|---|---|
| DocVerify ID: | AFD47023-378E-4CD4-AB15-03C0112E5BBA |
| Created: | March 09, 2023 07:38:51 -8:00 |
| Pages: | 12 |
| Remote Notary: | Yes / State: OH |

This document is a DocVerify VeriVaulted protected version of the document named above. It was created by a notary or on the behalf of a notary, and it is also a DocVerify E-Sign document, which means this document was created for the purposes of Electronic Signatures and/or Electronic Notary. Tampered or altered documents can be easily verified and validated with the DocVerify veriCheck system. This remote online notarization involved the use of communication technology.

Go to www.docverify.com at any time to verify or validate the authenticity and integrity of this or any other DocVerify VeriVaulted document.

### E-Signature Summary

**E-Signature 1: Anthony Panzica (AMP)**
March 09, 2023 07:52:40 -8:00 [9852B094614D] [199.73.104.242]
tonyp@panzica.com (Principal) (Personally Known)

**E-Signature Notary: Alexandra Payto (AKP)**
March 09, 2023 07:52:40 -8:00 [5495729D5F55] [69.135.71.194]
Alexandra@lddlegal.com
I, Alexandra Payto, did witness the participants named above electronically sign this document.



DocVerify documents cannot be altered or tampered with in any way once they are protected by the DocVerify VeriVault System. Best viewed with Adobe Reader or Adobe Acrobat. All visible electronic signatures contained in this document are symbolic representations of the persons signature, and not intended to be an accurate depiction of the persons actual signature as defined by various Acts and/or Laws.

 

# THIRD AMENDMENT TO LEASE

This Third Amendment to Lease ("Third Amendment") is entered into on this $\underline{6}$ day of March 2023 by and between **NEWBURY CENTER, LLC**, an Ohio limited liability company (hereinafter "Landlord") and **PIZZERIA MANAGEMENT III LLC**, an Ohio limited liability company **dba ZEPPE'S OF NEWBURY** (hereinafter "Tenant").

**WHEREAS,** on or about January 31, 2011 Landlord and Tenant executed a Lease for the premises located at 11110 Kinsman Road, Newbury, Geauga County, Ohio; and

**WHEREAS,** on or about February 1, 2012, Landlord and Tenant executed a First Amendment ("First Amendment") to Lease, on or about January 27, 2021 Landlord and Tenant executed an Addendum to Lease for Rent Deferment ("Deferment Addendum") and on or about April 12, 2022 Landlord and Tenant executed a Second Amendment to Lease (the "Second Amendment") (the Lease, First Amendment, Deferment Addendum and Second Amendment are collectively referred to as the "Lease"); and

**WHEREAS,** on or about $\underline{MArCH \ 13}$ , 2023 one hundred percent (100%) of the membership interest in Tenant was sold and assigned to Jason Dicks, and in consideration of Landlord consenting to such sale and assignment, Jason Dicks and Joseph T. Ciresi agreed to guaranty the Lease as more fully stated in their respective guaranties and Tenant herein agrees to increase its security deposit with Landlord; and

**WHEREAS,** Landlord and Tenant desire to amend the Lease to provide for, among other things, the guaranties, increase in security deposit and incorporation of a franchise addendum.

**NOW THEREFORE,** in consideration of the mutual covenants contained herein, Landlord and Tenant agree as follows:

1. **Change in Ownership.** The parties acknowledge that ownership in Tenant has changed from Joseph T. Ciresi to Jason Dicks.

2. **Franchise Agreement.** The Franchise Agreement attached hereto and incorporated herein as Exhibit "A" is hereby made supplemental part of the Lease.

3. **Guaranties.** Joseph T. Ciresi shall execute the guaranty attached hereto as Exhibit "B" and Jason Dicks shall execute the guaranty attached hereto as Exhibit "C".

4. **Security Deposit.** Landlord currently has on deposit the sum of $3,000.00. Tenant agrees to deposit an additional sum of $3,371.00 to be added to the security deposit. Said amount shall be deposited with Landlord over a period of six (6) months commencing April 1, 2023 as equal installments with the payment of rent ($561.83/mo).

1

A~D47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary

**IN WITNESS WHEREOF**, the parties have executed this agreement the day and year first above written.

TENANT: **PIZZERIA MANAGEMENT III LLC**
        **dba Zeppe's of Newbury**

By: **Jason Dicks**
Its: _Pres.dent_

LANDLORD: **NEWBURY CENTER, LLC**

By: **Anthony Panzica**, Authorized Agent

3

AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07 38:51 -8:00 --- Remote Notary

STATE OF OHIO )
) SS:
COUNTY OF _Geauga_ )

BEFORE ME, a Notary Public, in and for said State and County, personally appeared **JASON DICKS, as** _President_ **of PIZZERIA MANAGEMENT III LLC dba Zeppe's of Newbury** who acknowledged that he has signed the foregoing Lease as the duly authorized officer of said company and that the same is the free act and deed of said company and the free act and deed of him personally as such officer. *This is an acknowledgement certificate; no oath or affirmation was administered to the signer with regard to this notarial act.*

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this 8ᵗʰ day of _March_, 2023 at _Newbury_, Ohio.

**Brian Cain**
Notary Public, State of Ohio
My Commission Expires 1-2-2027
Registered in Geauga County

Notary Public

STATE OF )
) SS:
COUNTY OF )

BEFORE ME, a Notary Public, in and for said State and County, personally appeared **ANTHONY PANZICA, Authorized Agent** of **NEWBURY CENTER, LLC** who acknowledge that he has signed the foregoing Lease as the duly authorized officer of said company and that same is the free act and deed of said company and the free act and deed of him personally as such officer. *This is an acknowledgement certificate; no oath or affirmation was administered to the signer with regard to this notarial act.*

IN TESTIMONY WHEREOF, I have hereunto set my hand and official seal this ___ day of _03/09/2023_, 2023 at _Pepper Pike, Ohio_, _____.

**Alexandra Payto**
Commission # 2015-RE-533086
Electronic Notary Public
State of Ohio
My Comm Exp. May 19, 2025
Notarial act performed by audio-visual communication

Notary

4

AFD47023-378E-4CD4-AB15-03C0112E5BBA — 2023/03/09 07:38:51 -8:00 — Remote Notary



AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary



Zeppe's Tavern Franchise LLC
FRANCHISE AGREEMENT
EXHIBIT H

## AGREEMENT WITH LANDLORD

**THIS LEASE-RELATED AGREEMENT** (the "**Agreement**") has been executed as of this ___7___ day of ₥₳ℝ₵ℍ, 2023, by and between Jason Dicks ("**Franchisee**") and Newbury Center LLC ("**Landlord**"), as an Agreement to the lease, as modified, amended, supplemented, renewed and/or extended from time to time as contemplated herein ("**Lease**") dated as of January 31, 2011 with an amendment dated February 1, 2012, an addendum to lease for rent deferment dated January 27, 2021 and an amendment dated April 1, 2022 for the premises located at 11110 Kinsman Rd. Newbury, OH 44065, in the State of Ohio ("**Premises**").

Franchisee has also entered (or will also enter) into a Franchise Agreement ("**Franchise Agreement**") with Zeppe's Tavern Franchise LLC ("**Franchisor**") for the development and operation of a Zeppe's Tavern Business at the Premises, and as a condition to obtaining Franchisor's approval of the Lease, the Lease for the Premises must contain the provisions contained in this Agreement.

**NOW THEREFORE**, in consideration of mutual covenants set forth herein, the execution and delivery of the Lease, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Landlord, Franchisee, and Franchisor agree as follows:

1.   Landlord agrees to deliver to Franchisor a copy of any notice of default or termination of the Lease at the same time such notice is delivered to Franchisee. Franchisor agrees to deliver to Landlord a copy of any notice of termination under the Franchise Agreement. Although it is the intention of Landlord and Franchisor to provide such notices to one another, neither shall have liability to each other if they do not provide such notices. Franchisee consents to that exchange of information by Landlord and Franchisor.

2.   Franchisee assigns to Franchisor, with Landlord's irrevocable and unconditional consent, all of Franchisee's rights, title and interests to and under the Lease upon any termination or non-renewal of the Franchise Agreement, but no such assignment will be effective unless and until: **(a)** the Franchise Agreement is terminated or expires without renewal; **(b)** Franchisor has exercised its Option to Purchase under the Franchise Agreement; and **(c)** Franchisor notifies the Franchisee and Landlord in writing that Franchisor assumes Franchisee's obligations under the Lease, including the obligation to cure any defaults by Franchisee.

3.   Franchisor will have the right, but not the obligation, to cure any breach of the Lease (within fifteen (15) business days after the expiration of the period in which Franchisee had to cure any such default should Franchisee fail to do so) upon giving written notice of its election to Franchisee and Landlord, and, if so stated in the notice, to also succeed to Franchisee's rights, title and interests thereunder. Franchisee agrees that the Lease may not be modified, amended, supplemented, renewed or extended beyond any options granted in the Lease, or assigned without Franchisor's prior written consent, which shall not be unreasonably withheld, conditioned or delayed.

Exhibit H-1

4. Franchisee and Landlord agree that Franchisor will not incur any liability or obligation under the Lease unless and until Franchisor assumes the Lease in writing pursuant to Section 2 or Section 3 above.

5. If Franchisor assumes the Lease, as provided above, then Franchisor may, only with Landlord's prior consent, which will not be unreasonably withheld, conditioned or delayed, further assign the Lease to another franchisee of Franchisor to operate a Zeppe's Tavern business at the Premises provided that the proposed franchisee has met all of Franchisor's applicable criteria and requirements and has executed a franchise agreement with Franchisor and has personal financial statements and operational history reasonably acceptable to Landlord and further that the principals of such franchisee execute a personal guaranty with respect to the Lease in favor of Landlord. Landlord agrees to execute such further documentation to confirm its consent to the assignment permitted under this Agreement as Franchisor may reasonably request. Upon such assignment to a franchisee of Franchisor, Franchisor will be released from any further liability under the terms and conditions of the Lease.

6. Landlord and Franchisee acknowledge that Franchisee has agreed under the Franchise Agreement that Franchisor and its employees or agents will have the right to enter the Premises for certain purposes. Landlord agrees not to interfere with or prevent such entry by Franchisor, its employees or agents. Landlord and Franchisee further acknowledge that if the Franchise Agreement expires (without renewal) or is terminated, Franchisee is obligated to take certain steps under the Franchise Agreement to de-identify the Premises as a Zeppe's Tavern & Pizzeria business (unless Franchisor takes an assignment of the lease, as provided above). Landlord agrees to permit Franchisor, its employees or agent, to enter the Premises and remove signs (both interior and exterior), décor and materials displaying any marks, designs or logos owned by Franchisor, provided that Franchisor will bear the expense of repairing any damage to the Premises as a result thereof.

7. If Landlord is an affiliate or a Principal of Franchisee, Landlord and Franchisee agree that if Landlord proposes to sell the Premises, before the sale of the Premises, upon the request of Franchisor the Lease will be amended to reflect a rental rate and other terms that are the reasonable and customary rental rates and terms prevailing in the community where the Zeppe's Tavern & Pizzeria business is located.

8. Landlord agrees that during and after the term of the Lease, it will not disclose or use Franchisor's Confidential Information (as defined below) for any purpose other than for the purpose of fulfilling Landlord's obligations under the Lease or pursuing any default under the Lease by Franchisee, Franchisor or any future franchisee. "**Confidential Information**" as used herein will mean all non-public information and tangible things, whether written, oral, electronic or in other form, provided or disclosed by or on behalf of Franchisee to Landlord, or otherwise obtained by Landlord, regarding the design and operations of the business located at the Premises, including all information identifying or describing the floor plan and layout, furnishings, equipment, fixtures, wall coverings, flooring materials, shelving, decorations, trade secrets, techniques, trade dress, "look and feel," design, manner of operation, suppliers, vendors, and all other products, goods, and services used, useful or provided by or for Franchisee on the Premises. Landlord acknowledges that all such Confidential Information belongs exclusively to Franchisor.

9. Landlord agrees that: (a) Franchisor has granted to only one party, the Franchisee, the right to use Franchisor's proprietary trade name, trademarks, service marks logos, insignias, slogans, emblems,

symbols, designs and indicia of origin (collectively the "**Marks**") at the Premises under the terms of the Franchise Agreement; and **(b)** Franchisor has not granted any rights or privileges to use the Marks to Landlord.

10. Landlord and Franchisee agree that the premises will be used solely for the operation of a Zeppe's Tavern & Pizzeria business.

11. Landlord and Franchisee agree that any default under the lease will also constitute a default under the Franchise Agreement, and any default under the Franchise Agreement will also constitute a default under the lease.

12. Landlord and Franchisee agree that the terms contained herein will supersede any terms to the contrary set forth in the Lease.

13. Franchisor, along with its successors and assigns, is an intended third party beneficiary of the provisions of this Agreement.

14. Landlord and Franchisee agree that copies of any and all notices required or permitted under this Agreement, or under the Lease, will also be sent to Franchisor at 25780 Miles Rd. Suite A Bedford Hts., OH 44146 (attention Cassie Ciresi), or to such other address as Franchisor may specify by giving written notice to Landlord.

WITNESS the execution hereof under seal.

**Landlord:**

ANTHONY M PANZICA

888FE1085DF1427...

Date: 3/9/2023

**Franchisee:**

Date: 3-7-2023

**Franchisor***

Date: 3/7/23

Exhibit H-3

EXHIBIT "B"

AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary



# LEASE GUARANTY

In consideration of the sum of One Dollar ($1.00) and as a material inducement and consideration for Landlord to consent to the assignment of membership interest in Pizzeria Management III LLC ("Tenant") from Joseph T. Ciresi to Jason Dicks so that Jason Dicks will be the operator of the restaurant that is subject to that certain Lease dated January 31, 2011, as amended, by and between Tenant and **Newbury Center, LLC**, as Landlord (the "Lease"), the undersigned, **Joseph T. Ciresi** ("Guarantor"), does hereby unconditionally, irrevocably and absolutely guarantee to Landlord, its successors and assigns, the full, faithful and prompt performance and observance of all of the covenants, conditions and agreements of the Lease and any amendments, modifications **for the period commencing March 1, 2023 and ending on February 29, 2024 (the "Guaranty Period")** therein provided to be performed and observed by Tenant, its successors and assigns, during the Guaranty Period and expressly agrees that the validity of this Lease Guaranty and the obligations of Guarantor hereunder shall in no way be terminated, affected or impaired by reason of the assertion by Landlord against Tenant or any other guarantor of the Lease of any of the rights or remedies reserved to Landlord pursuant to the provisions of the Lease or any other guaranty, or by reason of the waiver by Landlord of, or the failure of Landlord to enforce any of the terms, covenants and conditions of the Lease, or the granting of any indulgence or extension of time to Tenant, all of which may be given or done without notice to Guarantor.

This Lease Guaranty is a guaranty of payment, performance and compliance and not of collectability and may be enforced after the expiration of the Guaranty Period but only for obligations that first arise or are required to be performed during the Guaranty Period. The obligation of Guarantor hereunder shall not be released by Landlord's receipt, application or release of security given for the performance and observance of covenants and conditions required to be performed and observed by Tenant under said Lease, nor shall the Guarantor be released by the maintenance of or execution upon any lien which Landlord may have or assert against Tenant and/or Tenant's assets.

Guarantor waives notice of default in the payment of base rent, additional rent and any other amounts contained or reserved in the Lease, or notice of a breach or nonperformance of any of the covenants, conditions or agreements contained in the Lease. Guarantor further covenants and agrees that this agreement and guaranty contained herein shall remain and continue in full force and effect as to any amendment, modification, renewal, or extension of the within Lease, any holding over periods, or any period in which Tenant is deemed to be in possession of the Premises, to all of which Guarantor hereby consents in advance, except that Guarantor's responsibility and obligations relate solely to the Guaranty Period.

The guaranty contained herein is absolute and unconditional and shall be a continuing guarantee. The liability of the Guarantor hereunder shall in no way be affected by (a) the release or discharge of Tenant in any creditors', receivership, bankruptcy or other proceedings, (b) the impairment, limitation or modification of the liability of Tenant or the estate of Tenant in bankruptcy, or of any remedy for the enforcement of Tenant's said liability under the Lease, resulting from the operation of any present or future provision of the Bankruptcy Code or other statute or from the decision in any court; (c) the rejection or disaffirmance of the Lease in any such

AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary



proceedings; (d) the assignment or transfer of the Lease or any subletting of the Premises by Tenant by operation of law or otherwise; (e) any disability or other defense of Tenant, or (f) the cessation from any cause whatsoever of the liability of Tenant.

Guarantor further agrees that his/her/its liability under this Lease Guaranty shall be primary and not as a guarantor, and that in any right of action which shall accrue to Landlord under, in connection with or arising out of the Lease, Landlord may, at its option, proceed against Guarantor without having commenced any action or having obtained any judgment against Tenant. The heading of this instrument and the words "Guaranty" and "guarantees" shall not be interpreted to limit the aforesaid primary obligation of Guarantor under the Lease.

Until all the covenants and conditions in the Lease on Tenant's part of be performed and observed are fully performed and observed, Guarantor (a) shall have no right of subrogation against Tenant by reason of any payments or acts of performance by Guarantor, in compliance with the obligations of Guarantor hereunder; (b) waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor hereunder; and (c) subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to Landlord under the Lease.

This Lease Guaranty shall be binding upon the Guarantor and Guarantor's heirs, executors, administrators, personal representatives, successors and assigns and shall inure to the benefit of and be enforceable by Landlord and its successors and assigns. If there is more than one person, trust, or entity as a party or signatory to this Lease Guaranty the word "Guarantor" shall apply to each such person, trust or entity collectively and individually and each is and agrees to be jointly and severally bound and liable hereunder.

In the event that any one or more of the provisions contained in this Lease Guaranty or any application thereof shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein and any other applications thereof shall not in any way be affected or impaired thereby. The terms of this Lese Guaranty may not be waived, altered, modified, supplemented or amended except by written instrument signed by Guarantor and by Landlord. Guarantor hereby agrees to execute and deliver all such instruments, and take such actions as Landlord, or any assignee, may instruct in order to effectuate fully the purposes of this Lease Guaranty.

This Lease Guaranty shall be construed under the laws of the State of Ohio. Guarantor hereby submits itself to the jurisdiction of the courts of the state in which the Premises is located.

**WAIVER OF RIGHT TO TRIAL BY JURY: GUARANTOR ACKNOWLEDGES THAT THE COMMERCIAL NATURE OF THE LEASE OUT OF WHICH THIS LEASE GUARANTY ARISES WOULD MAKE ANY AND ALL DISPUTES THAT MAY ARISE BETWEEN GUARANTOR AND LANDLORD UNSUITABLE FOR TRIAL BY JURY. ACCORDINGLY, GUARANTOR HEREBY WAIVES ITS RIGHT TO A TRIAL BY JURY AS TO ANY AND ALL DISPUTES THAT MAY ARISE FROM THIS LEASE GUARANTY.**

AFD47023-378E-4CD4-AB15-03C0112E5BBA — 2023/03/09 07:38:51 -8:00 … Remote Notary



> **NOTWITHSTANDING THE FOREGOING, SO LONG AS TENANT FULLY PERFORMS ALL OF ITS OBLIGATIONS UNDER THE LEASE DURING THE GUARANTY PERIOD, THEN UPON THE EXPIRATION OF THE GUARANTY PERIOD THIS GUARANTY SHALL TERMINATE AND BE OF NO FURTHER FORCE AND EFFECT.**

**GUARANTOR:**

Name: Joseph T. Ciresi
SSN:_____ █████████

COUNTY OF         )
                  )    SS:
STATE OF Cuyahoga )

    Before me, a Notary Public in and for said County and State, personally appeared the above-named Joseph T. Ciresi who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed. *This is an acknowledgment certificate; no oath or affirmation was administered to the signer with regard to this notarial act.*

    In Testimony Whereof, I have hereunto set my hand and official seal at _Bedford Hts_, _Ohio_ this _8_ day of _March_, 2023.

_____
Notary Public





AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary

# EXHIBIT "C"

AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary



# LEASE GUARANTY

In consideration of the sum of One Dollar ($1.00) and as a material inducement and consideration for Landlord to consent to the assignment of membership interest in Pizzeria Management III LLC ("Tenant") from Joseph T. Ciresi to Jason Dicks so that Jason Dicks will be the operator of the restaurant that is subject to that certain Lease dated January 31, 2011, as amended, by and between Tenant and **Newbury Center, LLC**, as Landlord (the "Lease"), the undersigned, **Jason Dicks** ("Guarantor"), does hereby unconditionally, irrevocably and absolutely guarantee to Landlord, its successors and assigns, the full, faithful and prompt performance and observance of all of the covenants, conditions and agreements of the Lease, any amendments, and any Lease extensions, renewals, modifications, holdovers, or any period in which Tenant is deemed to have possession of the Premises (as defined in the Lease) therein provided to be performed and observed by Tenant, its successors and assigns, and expressly agrees that the validity of this Lease Guaranty and the obligations of Guarantor hereunder shall in no way be terminated, affected or impaired by reason of the assertion by Landlord against Tenant of any of the rights or remedies reserved to Landlord pursuant to the provisions of the Lease, or by reason of the waiver by Landlord of, or the failure of Landlord to enforce any of the terms, covenants and conditions of the Lease, or the granting of any indulgence or extension of time to Tenant, all of which may be given or done without notice to Guarantor.

This Lease Guaranty is a guaranty of payment, performance and compliance and not of collectability. The obligation of Guarantor hereunder shall not be released by Landlord's receipt, application or release of security given for the performance and observance of covenants and conditions required to be performed and observed by Tenant under said Lease, nor shall the Guarantor be released by the maintenance of or execution upon any lien which Landlord may have or assert against Tenant and/or Tenant's assets.

Guarantor waives notice of default in the payment of base rent, additional rent and any other amounts contained or reserved in the Lease, or notice of a breach or nonperformance of any of the covenants, conditions or agreements contained in the Lease. Guarantor further covenants and agrees that this agreement and guaranty contained herein shall remain and continue in full force and effect as to any amendment, modification, renewal, or extension of the within Lease, any holding over periods, or any period in which Tenant is deemed to be in possession of the Premises, to all of which Guarantor hereby consents in advance.

In addition, the undersigned personally guarantees that the entire Premises will be delivered back to Landlord broom clean in its original condition less ordinary wear and tear as called for in the Lease.

The guaranty contained herein is absolute and unconditional and shall be a continuing guarantee. The liability of the Guarantor hereunder shall in no way be affected by (a) the release or discharge of Tenant in any creditors', receivership, bankruptcy or other proceedings, (b) the impairment, limitation or modification of the liability of Tenant or the estate of Tenant in bankruptcy, or of any remedy for the enforcement of Tenant's said liability under the Lease, resulting from the operation of any present or future provision of the Bankruptcy Code or other statute or from the decision in any court; (c) the rejection or disaffirmance of the Lease in any such

AFD47023-378E-4CD4-AB15-03C0112E5BBA --- 2023/03/09 07:38:51 -8:00 --- Remote Notary



proceedings; (d) the assignment or transfer of the Lease or any subletting of the Premises by Tenant by operation of law or otherwise; (e) any disability or other defense of Tenant, or (f) the cessation from any cause whatsoever of the liability of Tenant.

Guarantor further agrees that his/her/its liability under this Lease Guaranty shall be primary and not as a guarantor, and that in any right of action which shall accrue to Landlord under, in connection with or arising out of the Lease, Landlord may, at its option, proceed against Guarantor without having commenced any action or having obtained any judgment against Tenant. The heading of this instrument and the words "Guaranty" and "guarantees" shall not be interpreted to limit the aforesaid primary obligation of Guarantor under the Lease.

Until all the covenants and conditions in the Lease on Tenant's part of be performed and observed are fully performed and observed, Guarantor (a) shall have no right of subrogation against Tenant by reason of any payments or acts of performance by Guarantor, in compliance with the obligations of Guarantor hereunder; (b) waives any right to enforce any remedy which Guarantor now or hereafter shall have against Tenant by reason of any one or more payments or acts of performance in compliance with the obligations of Guarantor hereunder; and (c) subordinates any liability or indebtedness of Tenant now or hereafter held by Guarantor to the obligations of Tenant to Landlord under the Lease.

This Lease Guaranty shall be binding upon the Guarantor and Guarantor's heirs, executors, administrators, personal representatives, successors and assigns and shall inure to the benefit of and be enforceable by Landlord and its successors and assigns. If there is more than one person, trust, or entity as a party or signatory to this Lease Guaranty the word "Guarantor" shall apply to each such person, trust or entity collectively and individually and each is and agrees to be jointly and severally bound and liable hereunder.

In the event that any one or more of the provisions contained in this Lease Guaranty or any application thereof shall be determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained herein and any other applications thereof shall not in any way be affected or impaired thereby. The terms of this Lese Guaranty may not be waived, altered, modified, supplemented or amended except by written instrument signed by Guarantor and by Landlord. Guarantor hereby agrees to execute and deliver all such instruments, and take such actions as Landlord, or any assignee, may instruct in order to effectuate fully the purposes of this Lease Guaranty.

This Lease Guaranty shall be construed under the laws of the State of Ohio. Guarantor hereby submits itself to the jurisdiction of the courts of the state in which the Premises is located.

**WAIVER OF RIGHT TO TRIAL BY JURY: GUARANTOR ACKNOWLEDGES THAT THE COMMERCIAL NATURE OF THE LEASE OUT OF WHICH THIS LEASE GUARANTY ARISES WOULD MAKE ANY AND ALL DISPUTES THAT MAY ARISE BETWEEN GUARANTOR AND LANDLORD UNSUITABLE FOR TRIAL BY JURY. ACCORDINGLY, GUARANTOR HEREBY WAIVES ITS RIGHT TO A TRIAL BY JURY AS TO ANY AND ALL DISPUTES THAT MAY ARISE FROM THIS LEASE GUARANTY.**

AFD47023-378E-4CD4-AB15-03C0112E5BBA — 2023/03/09 07:38:51 -8:00 — Remote Notary

 

**GUARANTOR:**

Name: Jason Dicks ▮▮▮▮▮▮
SSN:__▮▮▮▮▮▮▮▮▮

COUNTY OF            )
                     )      SS:
STATE OF OHIO        )

Before me, a Notary Public in and for said County and State, personally appeared the above-named Jason Dicks who acknowledged that he did sign the foregoing instrument and that the same is his free act and deed. *This is an acknowledgment certificate; no oath or affirmation was administered to the signer with regard to this notarial act.*

In Testimony Whereof, I have hereunto set my hand and official seal at _Newbury_, Ohio this 8th day of _March_, 2023.



**Brian Cain**
Notary Public, State of Ohio
My Commission Expires 1-2-2027
Registered in Geauga County

Notary Public

AFD47023-378E-4CD4-AB15-03C0112E5BBA — 2023/03/09 07:38:51 -8:00 — Remote Notary