IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION
CLEVELAND, OHIO

IN RE:

JASON DICKS,

              Debtor.

CASE NO.   25-11336

CHAPTER   11

SUBCHAPTER V

JUDGE JESSICA PRICE SMITH

## MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM

Now comes creditor Zeppe's Tavern Franchise LLC (the "Zeppe's"), by and through its undersigned counsel, and hereby submits this *Motion for Allowance of Administrative Claim* (the "Motion") requesting an Order from this Court allowing Zeppe's an administrative claim pursuant to 11 U.S.C. § 503(b)(1)(A). In support of this Motion, Zeppe's states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b), and venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2. On March 31, 2025 (the "Petition Date"), Jason Dicks (the "Debtor") commenced this case by filing a voluntary petition for relief under Subchapter V of title 11 of the United States Code (the "Bankruptcy Code").

1. Prior to the Petition Date, Debtor entered into a Membership Interest Purchase Agreement with Joseph T. Ciresi (the "MIPA") pursuant to which the Debtor agreed to purchase from Mr. Ciresi and Mr. Ciresi agreed to sell to the Debtor, 100% of the membership interests in

Pizzeria Management III, LLC ("PMIII") for the total amount of $575,000 (the "Purchase Price"). The Debtor agreed to pay the Purchase Price as follows: (a) payment of $100,000 in cash at the closing; (b) the Debtor's execution and delivery of a mortgage note in the amount of $150,000 secured by a mortgage on the Debtor's residence (the "Mortgage Note"); and (c) the Debtor's execution and delivery of a promissory note in the amount of $325,000 (the "Note") secured by a pledge of the Debtor's membership interests in PMIII and a security interest in all of PMIII's assets.

3. To secure the Debtor's obligations to Mr. Ciresi under the Mortgage Note, the Debtor executed a mortgage in favor of Mr. Ciresi upon the Debtor's residence located at 13910 Claridon Troy Road, Burton, OH (the "Home"). To secure the Debtor's obligations under the Note, the Debtor executed and delivered a (i) Pledge Agreement pursuant to which the Debtor granted to Mr. Ciresi a security interest in the Debtor's membership interests in PMIII and (ii) a Security Agreement (which was also executed by PMIII) pursuant to which the Debtor and PMIII granted to Mr. Ciresi a security interest in all of PMIII's assets (the "Security Agreement"). In conjunction with the Pledge Agreement, the Debtor also executed and delivered to Mr. Ciresi an Assignment of Membership Interests assigning the Debtor's membership interests in PMIII to Mr. Ciresi (the "Assignment," and collectively with the MIPA, the Mortgage Note, the Note, the Pledge Agreement and the Security Agreement, the "Purchase Documents").

4. The Debtor also signed a Franchise Agreement with Zeppe's which sets forth the Debtor's rights and obligations related to the operation of a Zeppe's tavern restaurant at the Premises by PMIII (the "Franchise Agreement").[1]

---

[1] Due to the voluminous nature of the Franchise Agreement and concerns regarding confidentiality, the Franchise Agreement is not attached to the Objection. However, the Franchise Agreement will be made available upon request following entry of a mutually agreeable protective order.

5. Under the terms of the Franchise Agreement, Debtor must pay Zeppe's four percent (4%) of gross sales of Debtor's Franchised Business each week. *See*, Franchise Agreement, Section 4.2. If Debtor does not pay royalties due under the Franchise Agreement on the date established by the Franchise Agreement, the Debtor must pay the outstanding amount overdue and interest on the overdue amount at the rate of eighteen percent (18%) per annum. *See*, Franchise Agreement 4.5.

6. Since the Petition Date, Debtor has not paid any of the above royalty payments (the "Deferred Royalties") as required under the Franchise Agreement.

7. As of the filing of this Motion, the sum of $28,147.78 is due and owing to Zeppe's for post-petition Deferred Royalties. *See* Account Statement attached hereto at **Exhibit A**.

**RELIEF REQUESTED**

8. By this Motion, Zeppe's respectfully requests that the Court enter an Order pursuant to section 503(b)(1)(A) allowing the payment of the Deferred Royalties as an administrative expense claim.

**BASIS FOR RELIEF**

9. The Bankruptcy Code states that, "after notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including… the actual, necessary costs and expenses of preserving the estate…". *See,* 11 U.S.C. § 503(b)(1)(A); *see also*, *Mediofactoring v. McDermott (In re Connolly N. Am., LLC)*, 802 F.3d 810, 816 (6th Cir. 2015) (the type of costs and expenses listed in section 503(b) is not exhaustive when Congress choses to use the wording "including").

10. For a claim to be entitled to an administrative expense, the claimant must prove that the debt "(1) arose from a transaction with the debtor-in-possession as opposed to the preceding

3

entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate". *In re White Motor Corp.*, 831 F.2d 106, 110 (6th Cir. 1987) (citing *In re Mammoth Mart, Inc.*, 536 F.2d 950 (1st Cir. 1976); *Pension Benefit Guar. Corp. v. Sunarhauserman, Inc. (In re Sunarhauserman)*, 126 F.3d 811, 816 (6th Cir. 1997) (adopting the "benefit of the estate" test).

11. A creditor provides consideration to the bankruptcy estate when the debtor induces the creditors performance and performance is then rendered to the estate. *White Motor Corp.*, 831 F.2d at 110.

12. Inducement occurs by the debtor when the debtor becomes liable for the amounts claimed post-petition. *See*, *In re Jartran, Inc.*, 732 F.2d 584, 589 (7th Cir. 1984) (in order to be entitled to administrative priority the debt must be incurred after the date of the petition); *In re Mammoth Mart, Inc.*, 536 F.2d at 955 (claims that arise prior to the filing of the petition are not entitled to priority).

13. Here, Debtor became liable for the amounts for the Deferred Royalties post-petition as they became due, and Zeppe's gave consideration to Debtor through his continued (and continuing) use of and operation under the Franchise Agreement. *See, In re HNRC Dissolution Co.*, 396 B.R. 461, 475 (B.A.P. 6th Cir. 2008) (the 1974 Plan's administrative claim arose post-petition and therefore satisfied the first prong of the "benefit of the estate test"); *In re Sunarhauserman*, 126 F.3d at 817 ("it is an absolute requirement for administrative expense priority that the liability at issue arise post-petition").

14. In order to satisfy the second prong, the benefit to the estate must be direct, immediate and not from an outside source, and substantial, a true and important benefit to the estate. *In re HNRC Dissolution Co.,* 396 B.R. at 475.

4

15.     The Deferred Royalties allowed Debtor to continue operating his sole source of income during the pendency of this case, and the sole source of funding for his proposed plan.

16.     Therefore, the expenses related to the Deferred Royalties satisfy the "benefit of the estate test," and are "actual, necessary costs and expenses of preserving the estate" entitled to administrative priority under section 503(b)(1).

## CONCLUSION

WHEREFORE, Zeppe's Tavern Franchise LLC respectfully request the Court enter an Order allowing an administrative expense for the Deferred Royalties.

Dated: April 6, 2026                                        Respectfully submitted,


                                                            */s/  John J. Rutter*
                                                            John J. Rutter (0079186)
                                                            Christopher M. Millard (0105607)
                                                            Roetzel & Andress, LPA
                                                            222 South Main Street, Suite 400
                                                            Akron, OH  44308
                                                            Phone: (330) 376-2700
                                                            Fax: (330) 376-4577
                                                            jrutter@ralaw.com
                                                            cmillard@ralaw.com

                                                            *Attorneys for the Zeppe's*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 6, 2026, a true and correct copy of the *Motion for Allowance of Administrative Claim* was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **Christian E Carson**   christian@carsonlaw.com
- **Thomas W. Coffey**   tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com
- **Daniel J. Feko**   dfeko@simonattys.com, simondocket@simonattys.com
- **Patricia B. Fugee**   patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net
- **Spencer Lutz**   spencer.lutz@usdoj.gov
- **James Eric Rottinghaus**   cnbkecf@tblaw.com, jrottinghaus@ecf.courtdrive.com
- **John J. Rutter**   jrutter@ralaw.com
- **Frederic P. Schwieg**   fschwieg@schwieglaw.com
- **United States Trustee**   (Registered address)@usdoj.gov

*/s/ John J. Rutter*
John J. Rutter (0079286)

6

**Zeppe's Tavern Franchise LLC**
# Transactions by Account
**All Transactions**

| Type | Date | Num | Name | Memo | Clr | Split | Amount |
|---|---|---|---|---|---|---|---|
| **Newbury Deferment** | | | | | | | |
| Invoice | 04/16/2025 | 207 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,050.19 |
| Invoice | 04/30/2025 | 210 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,110.68 |
| Invoice | 05/16/2025 | 213 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,187.47 |
| Invoice | 05/30/2025 | 217 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,463.20 |
| Invoice | 06/16/2025 | 218 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,438.91 |
| Invoice | 06/30/2025 | 222 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,439.89 |
| Invoice | 07/16/2025 | 223 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,422.35 |
| Invoice | 07/31/2025 | 226 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,543.94 |
| Invoice | 08/18/2025 | 230 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,479.37 |
| Invoice | 08/31/2025 | 231 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,464.87 |
| Invoice | 09/16/2025 | 235 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,295.48 |
| Invoice | 09/30/2025 | 238 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,195.38 |
| Invoice | 10/16/2025 | 241 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,221.99 |
| Invoice | 10/31/2025 | 245 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,132.65 |
| Invoice | 11/17/2025 | 247 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -960.42 |
| Invoice | 11/30/2025 | 248 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -928.10 |
| Invoice | 12/16/2025 | 252 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -849.32 |
| Invoice | 12/31/2025 | 253 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,072.38 |
| Invoice | 01/16/2026 | 257 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -856.28 |
| Invoice | 01/31/2026 | 258 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -975.45 |
| Invoice | 02/16/2026 | 262 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -975.09 |
| Invoice | 02/28/2026 | 266 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -846.79 |
| Invoice | 03/16/2026 | 267 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,050.34 |
| Invoice | 03/31/2026 | 271 | Zeppes of Newbury-... | Deferment | | Accounts Rece... | -1,187.24 |
| Total Newbury Deferment | | | | | | | -28,147.78 |
| **TOTAL** | | | | | | | **-28,147.78** |

**7:34 AM**

**04/03/26**

**Accrual Basis**

**Zeppe's Tavern Franchise LLC**
**Transactions by Account**
**All Transactions**

| Balance |
| --- |
| -1,050.19 |
| -2,160.87 |
| -3,348.34 |
| -4,811.54 |
| -6,250.45 |
| -7,690.34 |
| -9,112.69 |
| -10,656.63 |
| -12,136.00 |
| -13,600.87 |
| -14,896.35 |
| -16,091.73 |
| -17,313.72 |
| -18,446.37 |
| -19,406.79 |
| -20,334.89 |
| -21,184.21 |
| -22,256.59 |
| -23,112.87 |
| -24,088.32 |
| -25,063.41 |
| -25,910.20 |
| -26,960.54 |
| -28,147.78 |
| -28,147.78 |
| **-28,147.78** |