| IN RE: | CASE NO. 25-11336 |
|---|---|
| JASON DICKS, | CHAPTER 11 |
| Debtor. | SUBCHAPTER V |
| | JUDGE JESSICA PRICE SMITH |

## MOTION TO CONVERT OR DISMISS CASE

Now come creditors Joesph T. Ciresi, Cassie Ciresi, and Zeppe's Tavern Franchise LLC (collectively, the "Zeppe's Parties"), by and through their undersigned counsel, and move (the "Motion") this Court for an Order converting this case to a proceeding under Chapter 7 or dismissing the case, whichever is in the best interest of creditors. In support of the Motion, the Zeppe's Parties state as follows:

## BACKGROUND FACTS

1. On March 31, 2025 (the "Petition Date"), Jason Dicks (the "Debtor") filed a voluntary petition for relief under Subchapter V of Title 11 of the United States Code (the "Bankruptcy Code").

2. On June 30, 2025, the Debtor filed his first proposed subchapter V plan of reorganization (the "First Plan") [Docket No. 39], which drew objections from the United States Trustee (the "UST's First Objection") [Docket No. 61], iPlan Group FBO Christian Carson [Docket No. 64] and the Zeppe's Parties [Docket No. 65].

3. On November 20, 2025, the Debtor filed his second proposed subchapter V plan of reorganization (the "Second Plan") [Docket No. 80], which drew objections from the United States Trustee (the "UST's Second Objection") [Docket No. 86].

4. On December 9, 2025, the Debtor filed his third proposed subchapter V plan of reorganization (the "Third Plan") [Docket No. 94], which drew objections from United States Trustee (the "UST's Third Objection") [Docket No. 104] and the Zeppe's Parties [Docket No. 107].

5. On February 24, 2026, Debtor filed the *Jason Dicks's Plan of Reorganization Dated February 23, 2026* (the "Plan") [Docket No. 120]. Contemporaneously with this Motion, the Zeppe's Parties have filed the *Objection to Confirmation of Jason Dicks's Plan of Reorganization Dated February 23, 2026* (the "Objection"). The Zeppe's Parties incorporate the arguments raised to the Plan in support of showing "cause" for the purposes of this Motion.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409. Section 1112 of the Bankruptcy Code and Rule and Federal Rules of Bankruptcy Procedure 1017 and 1019.

## LEGAL ARGUMENT

### I. CAUSE FOR CONVERSION OR DISMISSAL

7. Section 1112(b) governs motions to dismiss or convert Chapter 11 cases, including Subchapter V cases. *See, Cal. Palms Addition Recovery Campus, Inc. v. Vara (In re Cal. Palms Addition Recovery Campus, Inc.)*, 87 F.4th 734, 741 (6th Cir. 2023) (Congress could have exempted Subchapter V from section 1112(b) in section 1181 but chose not to).

2

8.  The Bankruptcy Code establishes that the Court shall convert a case to Chapter 7 or dismiss a Chapter 11 case, whichever is in the best interests of creditors and the estate, for "cause." *See*, 11 U.S.C. § 1112(b)(1).

9.  Section 1112(b)(4) includes a nonexclusive list of grounds which may constitute "cause" for dismissal or conversion, and the Court may find non-statutory bases for dismissing or converting a case as well. *In re Lashley*, 664 B.R. 408, 414 (Bankr. W.D. Ky. 2024); *see also*, *In re S-Tek 1, LLC*, 2023 Bankr. LEXIS, *21 (Bankr. D.N.M. 2023) (even though not specifically enumerated, a debtor's inability to confirm a plan within a reasonable time constitutes "cause" under § 1112(b)).

10. Section 1112(b)(4)(J) states that cause exists where the debtor fails to confirm a plan within the time fixed by this title or by order of the court.

11. Courts have also found cause based on the debtor's inability to effectuate a plan within a reasonable time and that unreasonable delay by the debtor that is prejudicial to creditors. *Lashley*, 664 B.R. at 416.

12. A debtor may not stay in chapter 11 indefinitely, and the debtor's inability to accomplish substantive progress toward confirmation inherently carries the risk of unreasonable and undue delay that is prejudicial to creditors. *Id* ("In this case, almost a year has passed between the filing of the bankruptcy petition and the Debtor has failed to obtain confirmation of a plan").

13. Debtor's Plan discloses that the Projected Disposable Income of Debtor is $54,865.20. As articulated in the Objection, Debtor's average monthly net income as set forth on his monthly operating reports in this case is $184.68. This figure over sixty (60) months is only $11,080.80.

14.      Considering all of the deficiencies with the proposed Plan, as articulated in the Objection, Debtor has made no meaningful substantive steps toward confirming and effectuating a plan of reorganization.[1] *See*, *Id.* at 412 (according to debtor's monthly operating reports during the pendency of the case, the average net monthly receipts were $848.07. The monthly payments under the prosed plan were $12,797.25 with a shortage of $11,949.18 to fund the plan, with losses reflected in the monthly operating reports for two months. The debtor's net monthly income is insufficient to fund a plan).

15.      Debtor has no chance for reorganization and therefore should no longer remain in Chapter 11 at the expense of Debtor's creditors.

16.      There are no unusual circumstances present that would render conversion or dismissal of this case to not be in the best interests of the estate or creditors under section 1112(b)(2).

**II. CONVERSION OR DISMISSAL**

17.      There is no bright line test to determine whether conversion or dismissal is in the best interests of the estate and is left to the sound discretion of the Court. *In re Exigent Landscaping, LLC*, 656 B.R. 757, 774 (Bankr. E.D. Mich. 2024).

18.      Typically, the best course of action is the one that results in the largest number of creditors being paid the largest amount of money in the shortest amount of time, and the best interest of the estate depends on whether its economic value is greater in or out of bankruptcy. *Id.* (quoting, *In re Aurora Memory Care, LLC*, 589 B.R. 631, 643 (Bankr. N.D. Ill. 2018).

---

[1] The UST's First Objection objected to language that any class that did not return a vote accepting the First Plan is "deemed to accept" the First Plan. Debtor then artfully manipulated that language to indicate that if a particular party did not submit a ballot to accept or reject the plan then they will be disregarded in the determination of whether all classes have accepted the plan. This language was objected to in the UST's Second and Third Objection. This language persists in the Plan. *See*, Plan, Article 5.03, 5.04, and 5.05. Debtor has made no meaningful amendments toward confirmation.

19.     The Liquidation Analysis attached to the Plan lists the value available to creditors, after consideration of liens and exemptions, as $5,250.

20.     The Liquidation Analysis does not account for Debtor's membership interests in PMIII which may have value available to creditors upon liquidation.

## **CONCLUSION**

WHEREFORE, the Zeppe's Parties respectfully request that this Court enter an Order dismissing or converting Debtor's case to Chapter 7, whichever is in the best interests of creditors and any other just relief.

Dated: April 6, 2026                              Respectfully submitted,


                                                  */s/  John J. Rutter*
                                                  John J. Rutter (0079186)
                                                  Christopher M. Millard (0105607)
                                                  Roetzel & Andress, LPA
                                                  222 South Main Street, Suite 400
                                                  Phone: (330) 376-2700
                                                  Fax: (330) 376-4577
                                                  jrutter@ralaw.com
                                                  cmillard@ralaw.com

                                                  *Attorneys for the Zeppe's Parties*

5