## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

IN RE JASON DICKS
*Debtor*

CASE NO. 25-11336
JUDGE PRICE SMITH
CHAPTER 11
SUBCHAPTER V

### RESPONSE IN OPPOSITION OF JASON DICKS TO MOTION FOR ALLOWANCE OF ADMINISTRATIVE CLAIM FILED BY ZEPPE'S TAVERN FRANCHISE LLC [DOC. 133]

Jason Dicks, as both the debtor and debtor-in-possession ("Debtor"), opposes the Motion for Allowance of Administrative Claim filed by Zeppe's Tavern Franchise LLC [Doc. 133] ("Zeppe's" and "Motion").

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and General Order 2012-7 of the United States District Court for the Northern District of Ohio. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2. The Debtor is the sole owner of Pizzeria Management III LLC ("PM3"). PM3 is in its own Chapter 11 Bankruptcy case under Subchapter V of Chapter 11 of the Bankruptcy Code, Case No. 25-11334. PM3 operates a restaurant and tavern at 11110 Kinsman Rd., Newbury Ohio ("Newbury Tavern").

3. In the Motion Zeppe's seeks allowance as an administrative expense against this bankruptcy estate $28,147.78 for alleged post-petition "Deferred Royalties" allegedly arising under a franchise agreement by and between Zeppe's and the Debtor ("Franchise Agreement").

4. The Franchise Agreement was prepared and drafted by Zeppe's. As PM3 is the owner and operator of the Newbury Tavern, it is unclear why Zeppe's made the Franchise Agreement for the Newberry Tavern in the name of the Debtor individually. Nevertheless, that is how it is drafted.

5. 11 U.S.C. § 503 provides in pertinent part:

(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—

(1) (A) the actual, necessary costs and expenses of preserving the estate ….

6. There are two flaws with Zeppe's argument: first the Debtor as an individual has not operated the Newbury Tavern, and therefore the amounts due under the Franchise Agreement are not a necessary cost or expense of preserving *this* bankruptcy estate and therefore not entitled to administrative priority under section 503. Second, PM3 and not the Debtor is the operator of the Newbury Tavern. Therefore, the Debtor has not made any *sales* under the Franchise Agreement and is therefore there is no money due under the Franchise Agreement as drafted[i]..

Therefore, Debtor and Debtor-in-Possession Jason Dicks, requests that the Court deny the Motion.

Respectfully submitted,
/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq. (0030418)
Attorney at Law
19885 Detroit Rd. 3239
Rocky River, OH 44116
(440) 499-4506
fschwieg@schwieglaw.com
Attorney for Debtor

## CERTIFICATE OF SERVICE

I hereby certify on April 20, 2026 that a copy of the foregoing Response was served **electronically** Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:: Christian E Carson on behalf of Creditor IPlanGroup FBO Christian Carson
christian@carsonlaw.com

Thomas W. Coffey on behalf of Interested Party Pizzeria Management III LLC
tcoffey@tcoffeylaw.com, nbeba@tcoffeylaw.com

Daniel J. Feko on behalf of Creditor Citizens Bank, N.A.
dfeko@simonattys.com, simondocket@simonattys.com

Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net

Patricia B. Fugee on behalf of Trustee Patricia B. Fugee
patricia.fugee@fisherbroyles.com, cpbf11@trustesolutions.net

Spencer Lutz on behalf of U.S. Trustee United States Trustee
spencer.lutz@usdoj.gov

James Eric Rottinghaus on behalf of Creditor Lakeview Loan Servicing, LLC
cnbkecf@tblaw.com, jrottinghaus@ecf.courtdrive.com

John J. Rutter on behalf of Creditor Zeppes Tavern Franchise LLC
jrutter@ralaw.com

John J. Rutter on behalf of Creditor Cassie Ciresi
jrutter@ralaw.com

John J. Rutter on behalf of Creditor Joe Ciresi
jrutter@ralaw.com

John J. Rutter on behalf of Defendant Cassie Ciresi
jrutter@ralaw.com

John J. Rutter on behalf of Defendant Joseph T. Ciresi
jrutter@ralaw.com

Frederic P. Schwieg on behalf of Debtor Jason James Dicks
fschwieg@schwieglaw.com

Frederic P. Schwieg on behalf of Plaintiff Jason James Dicks
fschwieg@schwieglaw.com

/s/ Frederic P. Schwieg, Esq.

Frederic P. Schwieg, Esq.

[i]The Franchise Agreement refers repeatedly to sales from the "Franchised Business", but this term is not clearly defined in the Franchise Agreement. There is a definition in the ADA certificate attached as exhibit E to the Franchise Agreement that refers to the location of the Newbury Tavern, but this does not clearly define that term for the purposes of determining whether or not the Newberry Tavern constitutes a Franchised Business as to the Debtor under the Franchise Agreement itself.